UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| MANUEL DE JESUS REYES MUNGUIA,<br><br>*Petitioner,*<br><br>v.<br><br>CURTIS DIXON, Superintendent, Southern Regional Jail; BRIAN MCSHANE, Field Office Director, Philadelphia Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, *in their official capacities*,<br><br>*Respondents.* | Civil Action No.:<br><br>PETITION FOR WRIT OF HABEAS CORPUS |

VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS
<u>PURSUANT TO 28 U.S.C. § 2241</u>

INTRODUCTION

1. Mr. Manuel de Jesus Reyes Munguia is a Honduran national who holds Temporary Protected Status (TPS) under 8 U.S.C. 1254a. The TPS statute provides that "[a]n alien provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. 1254a(d)(4) (emphasis added). That protection remains available even if the TPS holder has a final removal order or lacks other

1

immigration status, because the government "shall not remove the alien from the United States during the period in which such [TPS] status is in effect." 8 U.S.C. 1254a(a)(1)(A); *see also* 8 U.S.C. 1254a(a)(5) (TPS statute provides no authority to "deny temporary protected status to an alien based on the alien's immigration status"); 8 U.S.C. 1254a(g) (TPS statute constitutes the exclusive authority for affording nationality-based protection to "otherwise deportable" non-citizens).

2. Despite this unambiguous statutory command, Petitioner has now been detained by U.S. Immigration and Customs Enforcement (ICE) for three days.

3. Petitioner challenges his detention as a violation of the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment.

4. Petitioner respectfully requests that this Court grant him a Writ of Habeas Corpus and order Respondents to release him from custody. Petitioner seeks habeas relief under 28 U.S.C. 2241, which is the proper vehicle for challenging civil immigration detention. *See Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas") (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)); *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *7-9, 2025 U.S. App. LEXIS 16172 (4th Cir. July 1, 2025).

## CUSTODY

5. Petitioner is in the physical custody of Respondent Curtis Dixon, Superintendent, Southern Regional Jail. Petitioner is imprisoned at Southern Regional Jail ("SRJ"), a West Virginia state jail with which ICE has a task order for detention services/bed space. *See*, *e.g.*, *Suri*, No. 25-1560, 2025 WL 1806692, at *4 (affirming "immediate custodian" rule set forth in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) while recognizing exceptions). Petitioner is further in the constructive custody of federal Respondents.

## JURISDICTION

6. This Court has jurisdiction to entertain this habeas petition under 28 U.S.C. 1331; 28

U.S.C. 2241; the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V; and the Suspension Clause, U.S. Const. art. I, § 2.

## VENUE

7.    Venue is proper in this District under 28 U.S.C. 1391 and 28 U.S.C. 2242 because at least one Respondent is in this District, Petitioner is detained in this District, Petitioner's immediate physical custodian is located in this District, and a substantial part of the events giving rise to the claims in this action took place in this District. *See generally Rumsfeld*, 542 U.S. at 434 ("the proper respondent to a habeas petition is 'the person who has custody over the petitioner'") (citing 28 U.S.C. 2242) (cleaned up).

## PARTIES

8.    Petitioner is currently detained by Respondents at SRJ, a West Virginia state jail with which ICE has a task order for detention services/bed space. He has been in ICE custody since on or about January 13, 2026, when he was arrested on Interstate 77 near the Ghent tollbooth.

9.    Respondent Curtis Dixon is the Superintendent of Southern Regional Jail, where Petitioner is currently detained. He is the physical custodian of Petitioner and is named in his official capacity.

10.    Respondent Brian McShane is the Field Office Director responsible for the Philadelphia Field Office of ICE with administrative jurisdiction over Petitioner's immigration case. He is a legal custodian of Petitioner and is named in his official capacity.

11.    Respondent Todd M. Lyons is the Acting Director of ICE. He is a legal custodian of Petitioner and is named in his official capacity.

12.    Respondent Kristi Noem is the Secretary of the United States Department of Homeland Security (DHS). She is a legal custodian of Petitioner and is named in her official capacity.

13. Respondent Pamela Jo Bondi is the Attorney General of the United States Department of Justice. She is a legal custodian of Petitioner and is named in her official capacity.

## STATEMENT OF FACTS

### I. PETITIONER WAS DETAINED DESPITE HAVING TEMPORARY PROTECTED STATUS FROM HONDURAS

14. Petitioner came to the United States and long ago applied for Temporary Protected Status. His Employment Authorization Document (EAD), *Exhibit A, Employment Authorization Document*, originally set to expire on January 4, 2021, has been extended by operation of law and remains current. As the federal government recognizes:

> The validity of Employment Authorization Documents (EADs) issued under the TPS designation of Honduras with an original expiration date of . . . Jan. 4, 2021 . . . is extended per court order. *National TPS Alliance et al. v. Noem et al.* No. 25-cv-05687-TLT (N.D. Cal.).

*See Exhibit B, January 15, 2026, Temporary Protected Status Designated Country: Honduras Information*[1]; *see also Exhibit C*, *April 20, 2022, I-797A Notice of Action Confirming TPS Grant; Exhibit D, May 18, 2022, I-512L Authorization for Parole Confirming TPS Grant*; *Exhibit E, June 18, 2024, I-797 Notice of Action Confirming TPS Grant*; *Exhibit F, July 12, 2024, I-797 Notice of Action Confirming TPS Grant.*

15. Although the history and current procedural status of TPS for Honduras may be somewhat complex, *see infra* Section II, all that matters for purposes of this habeas petition is that TPS for Honduras remains in effect, and that Petitioner continues to hold TPS status.

16. ICE officers took Petitioner into custody on Interstate 77 near the Ghent tollbooth on or about January 13, 2026.

---

[1] U.S. Citizenship and Immigration Services, available at U.S. Citizenship and Immigration Services, at https://www.uscis.gov/humanitarian/temporary-protected-status/temporary-protected-status-designated-country-honduras (last visited January 15, 2026).

17. Petitioner has remained in ICE custody since January 13, 2026, despite his ongoing Temporary Protected Status.

## II. TEMPORARY PROTECTED STATUS FOR HONDURAS REMAINS IN EFFECT

18. The history of protections extended to Hondurans living in the United States via the TPS designation is set forth in detail in the recent *Order on Motion to Dismiss; Motion to Exclude Expert Testimony; Motion for Summary Judgment* (Dkt. 197) in *National TPS Alliance, et al., v. Kristi Noem, et al.* (N.D. Cal. Case No. 25-cv-05687-TLT), pp. 5-6:

> Hurricane Mitch hit Honduras in late October 1998, causing "widespread heavy rain and severe flooding" in Honduras, Nicaragua, and other nearby countries that resulted in "thousands of dead or missing" and "tremendous property, infrastructure, and crop damage." *25 Years Later: Looking Back at the October Monster Named Mitch*, NOAA (Oct. 27, 2023). In 1999, the Attorney General designated Honduras for TPS for 18 months. 64 Fed. Reg. 524 (Jan. 5, 1999). Over the next twenty years, TPS was repeatedly extended as DHS found continued "disruption in living conditions." 79 Fed. Red. 62170 (Oct. 16, 2014); 88 Fed. Reg. 40304 (Jun. 21, 2023). DHS terminated TPS for Honduras in 2018. 83 Fed. Red. 26,074 (June 5, 2018). Legal challenges to the termination of TPS for Honduras resulted in extension of TPS for several years. 90 Fed. Reg. at 30,090. In 2023, DHS reconsidered the 2018 decision to terminate TPS and extended TPS for Honduras through July 5, 2025. 88 Fed. Reg. at 40,304 (June 21, 2023). On July 8, 2025, DHS published notice in the Federal Register that TPS for Honduras would be terminated effective September 8, 2025. 90 Fed. Reg. at 30,091.

19. As the federal government acknowledges, *see* Ex. B, DHS's purported termination of TPS for Honduras in July 2025 has been vacated by the above-referenced order. While the Government has moved to stay this order, no stay has been granted. Thus, the TPS designation remains in effect, and Mr. Reyes Munguia remains entitled to its protection.

## LEGAL FRAMEWORK

20. The Court need analyze only one statutory provision to resolve this habeas petition. The TPS statute unambiguously provides that "[a]n alien provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the alien's immigration status

5

in the United States." 8 U.S.C. 1254a(d)(4) (emphasis added). It is hard to imagine a clearer statutory mandate proscribing detention.[2]

21. The Court need not delve further in an attempt to understand other aspects of Petitioner's immigration status, because TPS protection remains valid even if the TPS holder has a final removal order or lacks other immigration status. 8 U.S.C. 1254a(a)(1)(A) (the government "shall not remove the alien from the United States during the period in which such [TPS] status is in effect."). Indeed, individuals with a final order of removal are statutorily eligible for TPS and may not be denied TPS if otherwise eligible on the basis of that removal order; 8 U.S.C. 1254a(a)(5) (TPS statute provides no authority to "deny temporary protected status to an alien based on the alien's immigration status"). *See also* 8 U.S.C. 1254a(g) (TPS statute constitutes the exclusive authority for affording nationality-based protection to "otherwise deportable" non-citizens). For that reason alone, this Court should grant the writ and order Petitioner's immediate release. *See* 28 U.S.C. 2241(c)(3) (authorizing writ for people detained in violation of federal law).

22. Should the Court nonetheless choose to address constitutional questions, it should also find that Petitioner's detention violates the Due Process Clause of the Fifth Amendment. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause [of the Fifth Amendment] protects." *Zadvydas*, 533 U.S. at 690.

23. Petitioner's detention violates the Fifth Amendment's protection for liberty, for at least three related reasons. First, immigration detention must always "bear[] a reasonable relation to the purpose for which the individual was committed." *Demore v. Kim*, 538 U.S. 510, 527 (2003) (citing *Zadvydas*, 533 U.S. at 690). Where, as here, the government has no authority to deport Petitioner,

---

[2] "Attorney General" in Section 1254a now refers to the Secretary of the Department of Homeland Security. *See* 8 U.S.C. 1103; 6 U.S.C. 557.

detention is not reasonably related to its purpose.

24. Second, because Petitioner is not "deportable" insofar as the TPS statute bars his deportation, the Due Process Clause requires that any deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. *See Reno v. Flores*, 507 U.S. 292, 301–02 (1993) (holding that due process "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest"); *Demore*, 538 U.S. at 528 (applying less rigorous standard for "deportable aliens"). Petitioner's on-going imprisonment obviously cannot satisfy that rigorous standard.

25. Third, at a bare minimum, "the Due Process Clause includes protection against *unlawful* or arbitrary personal restraint or detention." *Zadvydas*, 533 U.S. at 718 (Kennedy, J., dissenting) (emphasis added). Where federal law explicitly prohibits an individual's detention, their detention also violates the Due Process Clause.

26. It is irrelevant for purposes of this case that Petitioner's TPS status may expire if the government ultimately is successful in its attempt to vacate the TPS Honduras designation. The TPS statute's unambiguous command applies so long as the TPS holder's status remains in effect. It contains no exception for people whose TPS status may soon expire. It would not be appropriate for this Court (or any other) to speculate on the likely outcome of the ongoing litigation. Rather, this Court should decide this petition on the state of affairs as it currently exists, under which Petitioner remains a TPS holder, and has now been illegally imprisoned for three days.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT – 8 U.S.C. § 1254a

27. Petitioners reallege and incorporate by reference each and every allegation contained above.

28. Section 1254a of Title 8 of the U.S. Code governs the treatment of TPS holders, including their detention and removal under federal immigration law.

29. Section 1254a(d)(4) states "[a]n alien provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the alien's immigration status in the United States." (emphasis added). There is no exception to this rule provided in the statute.

30. Thus, Petitioners' detention violates Section 1254a, and he is entitled to immediate release from custody.

## COUNT TWO
## VIOLATION OF THE DUE PROCESS CLAUSE
## OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

31. Petitioners reallege and incorporate by reference each and every allegation contained above.

32. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. See generally *Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

33. Petitioners' detention violates the Due Process Clause because it is not rationally related to any immigration purpose; because it is not the least restrictive mechanism for accomplishing any legitimate purpose the government could have in imprisoning Petitioner; and because it lacks any statutory authorization.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners pray that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Order Respondents to show cause why the writ should not be granted within three days,

and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. 2243;

3. Declare that Petitioner's detention violates the Immigration and Nationality Act, and specifically 8 U.S.C. 1254a;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Grant a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody;

6. Enjoin Petitioners from further detaining Petitioner so long as TPS for Honduras remains in effect and he continues to hold TPS status;

7. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

8. Grant such further relief as this Court deems just and proper.

Dated: January 16, 2026

**Respectfully submitted,**
**COUNSEL FOR PETITIONER**

/s/ *Lesley M. Nash*
Lesley M. Nash (WVSB #14158)
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505
Phone: (304) 326-0188
lesley@msjlaw.org

Jonathan Sidney
*Pro Hac Vice* Pending
Colorado Bar No. 52463
Ohio Bar No. 0100561
P. O. Box 97
Forest Hill, WV
Phone: (681) 335-0074
jsidney@climatedefenseproject.org

**Verification by Someone Acting on Petitioner's Behalf Pursuant to 28 U.S.C. 2242**

I am submitting this verification on behalf of Petitioner because I am one of Petitioner's attorneys. I have discussed with Petitioner the events described in this Petition. I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus, including the statements regarding Petitioner's TPS status, are true and correct to the best of my knowledge.

<u>/s/ Jonathan Sidney</u>                                                      Date: January 15, 2026