UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| XIUFANG HUANG, an Individual,  ) | |
|   *Plaintiff,*  ) | |
| v.  ) | Case No._____ |
| KRISTI NOEM, in her official capacity as  ) | |
| Secretary of U.S. Department of Homeland  ) | |
| Security;  ) | COMPLAINT FOR AN ORDER TO |
|   ) | COMPEL ADJUDICATION OF AN |
| JOSEPH EDLOW, in his official  ) | I-485 APPLICATION FOR LAWFUL |
| capacity as Director of U.S. Citizenship  ) | PERMANENT RESIDENCE UNDER |
| and Immigration Services;  ) | THE ADMINISTRATIVE PROCEDURES |
|   ) | ACT AND FOR WRIT OF MANDAMUS |
| MICHAEL CATALANO, in his official  ) | |
| capacity as District Director for U.S.  ) | |
| Citizenship and Immigration Services for  ) | |
| District 5  ) | |
|   ) | |
|   *Defendants*  ) | |

## **INTRODUCTION**

1. Plaintiff is a 58 year old citizen of China who is the beneficiary of an approved I-130 application filed by her adult, U.S. Citizen Daughter. (See Exhibit 1)

2. Her place of residence is 123 Oakwood Road, Apt. B4, Charleston, WV 25314.

3. Plaintiff filed an application to adjust status to that of Lawful Permanent Resident on or about 12/13/2021 and completed her biometrics collection on 2/16/2022 at the Charleston, WV Application Support Center. (See Exhibit 2)

1

4. Plaintiff's U.S. Citizen daughter filed an I-130 Petition on Plaintiff's behalf on or about 12/12/2021 and that Petition was granted on 2/2/2023. (See Exhibit 1)

5. As of the date of filing, Plaintiff's application for lawful permanent residency (receipt number SRC2201350064) has been pending for over four years.

6. The processing time for an I-485 at the Philadelphia, PA filed office with jurisdiction over Plaintiff's application is currently 9.5 months per USCIS processing estimates.

7. Plaintiff entered the U.S. on or about December 31, 1997 and was paroled into the U.S. giving U.S. Citizenship & Immigration Services exclusive jurisdiction over her I-485 application. (See Exhibit 3)

8. Plaintiff therefore brings this action to compel the Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's I-485 application for Lawful Permanent Residency without further delay as she is currently detained by ICE and facing deportation.

## JURISDICTION

9. This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq.*, the regulations implementing the INA, and the APA, 5 U.S.C. §701 *et seq.*

10. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and the Mandamus Act, 28 U.S.C. §1361. The Court may grant injunctive relief pursuant to 5 U.S.C. §§701 and 706 and 28 U.S.C. §1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

## VENUE

11. Venue in this district is proper under 28 U.S.C. §1391(e) because the Defendants are officers or employees of the United States or agencies thereof and acting in their official capacities, Plaintiff resides within this District, no real property is involved, and a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

12. Plaintiff, Xiufang Huang, is a 58 year-old citizen of China. She resides at 123 Oakwood Road Apt. B4, Charleston, WV 25314.

13. Defendant, Joseph Edlow is the Director of USCIS, an "agency" within the meaning of the Administrative Procedure Act (APA). 5 U.S.C. § 551(1). In this capacity, he oversees the adjudication of immigration benefits and establishes and implements governing policies. 6 U.S.C. § 271(a)(3), (b). He has ultimate responsibility for the adjudication of applications to adjust status to that of Lawful Permanent Resident and is sued in his official capacity.

14. Defendant, Kristi Noem, is the Director of U.S. Department of Homeland Security (DHS), an "agency" within the meaning of the APA. 5 U.S.C. § 551(1). In this capacity, she oversees USCIS.

15. Defendant, Michael Catalano, is the District Director of U.S. Citizenship and Immigration Services for District 5, which includes West Virginia, and his office has jurisdiction over Plaintiff's application.

**EXHAUSTION OF REMEDIES**

16. Plaintiff has exhausted her administrative remedies. She has made numerous inquiries concerning the status of her application, but to no avail. Defendants have repeatedly responded with boilerplate responses that her application simply remains pending. There are no administrative remedies remaining for Plaintiff to exhaust because there is no administrative body to which she can appeal the refusal of the Defendants to perform their non-discretionary ministerial duties.

## CAUSES OF ACTION

### Count I
### (Violation of the Administrative Procedure Act)

17. All the foregoing allegations are repeated and realleged as though fully set forth herein.

18. The APA, 5 U.S.C. § 555(b), mandates that an agency conclude matters presented to it within a reasonable time. The APA, 5 U.S.C. § 706(1), also provides the Court with authority to compel agency action unlawfully withheld or unreasonably delayed.

19. To be entitled to relief under the APA, a plaintiff must show either that the agency unlawfully withheld action it was required to take, such as when an agency fails to meet a congressionally set deadline, *Forest Guardians v. Babbitt,* 174 F.3d 1178, 1190 (10th Cir. 1999), or that the agency unreasonably delayed taking "a discrete agency action that it is required to take," *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 64 (2004).

20. On 2/2/2023, USCIS granted Plaintiff's daughter I-130 establishing the requisite family relationship, but has "unreasonably delayed" deciding Plaintiff's application for four years.

4

21. Significantly, a finding by a court that an individual does not have a "clear right" for purposes of mandamus actions does not preclude a valid action and relief under the APA. For example, in *Almandil v. Radel*, No. 15cv2166 BTM (BGS), 2016 U.S. Dist. LEXIS 94115, at *2 (S.D. Cal. July 18, 2016), the court determined that the asylum provision at 8 U.S.C. § 1158(d)(7) precludes a private action to enforce the statutory timeframes for adjudicating asylum applications, and thus precludes a mandamus action. The court nonetheless held that the statutory timeframes could support a claim for unreasonably delayed adjudication under the APA. Id.

22. Moreover, the delay in this case is so egregious that this Court's intervention is needed. See *Telecomms. Rsch. & Action Ctr. v. FCC* (TRAC), 750 F.2d 70 (D.C. Cir. 1984). In *Telecomms. Rsch. & Action Ctr. v. FCC*, the U.S. Court of Appeals laid out six "*TRAC* factors" for the court to consider when asked to determine whether an agency's delay is unreasonable. The Plaintiff argues that the delay in this case is unreasonable in light of factors (1) rule of reason, (3) human health and welfare, and (5) the nature and extent of the interests prejudiced by the delay. A four year delay in making a decision on an I-485 application based on an approved I-130 filed by an adult USC daughter violates the rule of reason, is intolerable in light of the welfare interests at stake and is wholly unreasonable in light of the Plaintiff's interests in timely adjudication.

## COUNT II
### (Mandamus Act)

23. All the foregoing allegations are repeated and realleged as though fully set forth herein.

24. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiff.

25. The Ninth Circuit has opined that "[m]andamus jurisdiction exists when a plaintiff has a clear right to relief, a defendant has a clear duty to act, and no other adequate remedy is available. This duty must be 'ministerial and so plainly prescribed as to be free from doubt.'" *See Du v. Chertoff*, 559 F. Supp. 2d 1049 (citing *Piledrivers' Local Union No. 2375 v. Smith*, 695 F.2d 390, 392 (9th Cir. 1982)).

26. Plaintiff has a clear right to the relief requested because, as an applicant for Lawful Permanent Residency, she falls within the zone of interest of the INA. See *Giddings*, 979 F.2d at 1108; *Yu*, 36 F. Supp. 2d at 930. Defendant has a clear duty to conclude matters presented to it within a reasonable time. 5 U.S.C. § 555(b). Further, no other adequate remedy is available because there is no other means for forcing USCIS to decide Plaintiff's application. Lastly, the length of delay is unreasonable in light of the harm to Plaintiff's welfare. See *TRAC*, 750 F.2d at 70. Accordingly, this Court's intervention is needed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests that this Court,

1. Assume jurisdiction over this action;

2. Compel Defendants to adjudicate Plaintiff's I-485 Application to Adjust Status to Lawful Permanent Resident;

3. Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act; and,

    4.  Award such further relief as the Court deems necessary and proper.

Respectfully submitted,

Dated: 1/28/2026

> By: /s/ Seyedehelham Hassanisamerah
> U.S. District Court Bar ID # 14371
> Hassani Law Firm
> 111 Montrose Drive
> South Charleston, WV 25303
> Tel. +1 (304) 741 – 2699
> Email: info @ hassanilaw.com
> *Attorney for Plaintiff*

# Exhibit 1



# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
## U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type | |
|---|---|---|---|
| IOE0914552663 | | I130 - PETITION FOR ALIEN RELATIVE | |
| **Received Date** | **Priority Date** | **Petitioner** | |
| 12/13/2021 | 12/13/2021 | REN, DANG | |
| **Notice Date** | **Page** | **Beneficiary** A076 682 746 | |
| 02/02/2023 | 1 of 1 | HUANG, XIUFANG | |

REN, DANG
c/o LEE, COREY TAD
C T LEE AND ASSOCIATES
225 BROADWAY STE. 3005
NEW YORK NY 10007

**Notice Type:** Approval Notice
Section: Parent of U.S Citizen, 201(b) INA

The above petition has been approved. The petition indicates that the beneficiary wishes to apply for adjustment of status to that of a lawful permanent resident. They should submit a copy of this notice, along with a Form I-485, Application to Register Permanent Residence or Adjust Status. The beneficiary can obtain Form I-485 from the USCIS website at www.uscis.gov, by contacting the USCIS National Customer Service Center (NCSC) at 1-800-375-5283, or by visiting the local USCIS field office. Filing address information can be found on the USCIS website at www.uscis.gov.

If the beneficiary decides to apply for an immigrant visa outside the United States based on this petition, you should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the U.S. Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The NVC will contact the beneficiary of this petition with further information about immigrant visa processing steps.

**THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

NOTICE: Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

California Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 30111
Laguna Niguel CA 92607-0111

USCIS Contact Center: www.uscis.gov/contactcenter



FORM I-797 [REV. 08/01/16]

# Exhibit 2

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| **ASC Appointment Notice** | **CASE TYPE**<br>I485 - APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS | | **NOTICE DATE**<br>01/22/2022 |
|---|---|---|---|
| **APPLICATION/PETITION/REQUEST NUMBER**<br>SRC2201350064 | | **USCIS A#**<br>A076 682 746 | **CODE**<br>2 |
| **ACCOUNT NUMBER** | **TCR** | **SERVICE CENTER**<br>TSC | **PAGE**<br>1 of 2 |

XIU FANG HUANG
c/o COREY TAD LEE
C T LEE AND ASSOCIATES
225 BROADWAY STE 3005
NEW YORK NY 10007



**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.** To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the below Application Support Center (ASC) at the date and time specified.

IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPOINTMENT MAY NOT BE RESCHEDULED. TO REQUEST THAT USCIS RESCHEDULE YOUR APPOINTMENT, SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF USCIS DOES NOT RESCHEDULE YOUR APPOINTMENT, YOUR APPLICATION, PETITION, OR REQUEST WILL BE CONSIDERED ABANDONED AND DENIED.

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| USCIS CHARLESTON, WV<br>4501 Maccorkle Avenue, SE Suite B<br>Charleston WV 25304 | 02/16/2022<br>02:00PM |

**WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:**

1. **THIS APPOINTMENT NOTICE.** If you received multiple ASC notices, bring **all** notices to your first appointment, and
2. **PHOTO IDENTIFICATION.** Your biometrics will not be collected without identification. You must bring a valid government-issued photo identification document. If the name on your identification is different than the name on your ASC notice, bring supporting documentation. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

Only those necessary to assist you with transportation or completion of the biometrics worksheet should accompany you to your ASC appointment. If you have open wounds, bandages, or casts when you appear for biometrics submission, USCIS may reschedule your appointment if we determine your injuries may interfere with biometrics submission. Please do not visit a USCIS office if you are sick or feel any symptoms of being sick. Follow the instructions on this notice to reschedule your appointment.

You may bring cell phones or electronic devices, but they must be turned off during biometrics collection. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/forms-information/preparing-your-biometric-services-appointment. If you have questions regarding this notice, please call the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833).

NOTE: If an ASC closes due to inclement weather or unforeseen circumstances, USCIS will automatically reschedule your appointment for the next available date and time. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment. If USCIS reschedules your appointment for any reason, you will receive a new ASC appointment notice.

To ensure you receive all correspondence from USCIS, you must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or any purpose authorized by the Immigration and Nationality Act. You may obtain a copy of your own FBI record using the procedures outlined within Title 28 C.F.R., Section 16.32. For information, please visit https://www.fbi.gov/services/cjis/identity-history-summary-checks. For Privacy Act information, please visit https://www.fbi.gov/services/cjis/compact-council/privacy-act-statement.

**REQUESTS TO RESCHEDULE/SPECIAL HANDLING**

If you are unable to attend your scheduled ASC appointment, you may request that USCIS reschedule your appointment by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). **Your request to reschedule must: 1) be made before the date and time of the original appointment and 2) establish good cause for rescheduling.** If you fail to make a request before your scheduled appointment or fail to establish good cause, USCIS may not reschedule your ASC appointment. If USCIS does not reschedule your appointment, your application, petition, or request will be considered abandoned and denied.

If you have a serious ongoing medical condition and you cannot leave your home/hospital, you may request a mobile biometrics/homebound appointment by following the instructions on the back in the Notice for People with Disabilities or by visiting uscis.gov/accommodations.

**APPLICATION NUMBER**
I485- SRC2201350064



If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C 04/01/19

Exhibit 3

U.S. Department of Justice
Immigration and Naturalization Service

Notice to EOIR: Alien Address

Date: 01-13-98

File No: 76-682-746

To: Office of the Immigration Judge
Executive Office for Immigration Review

GSA Center, 651 Federal Drive 111-14
Guaynabo, P.R. 00965

From: Office of the District Director
Immigration and Naturalization Service

P. O. Box 365068
San Jun, P.R. 00936

Respondent: Xiu Fang Huang

This is to notify you that this respondent is:

☐ Currently incarcerated by other than INS. A charging document has been served on the respondent and an Immigration Detainer- Notice of Action by the INS (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

_____

His/her anticipated release date is: _____

☐ Currently detained by INS at: _____

☐ Currently detained by INS and transferred this date to a new location: _____

INS motion for change of venue attached.  ☐ Yes  ☐ No

☐ Released from INS custody on the following condition(s):
  ☐ Personal recognizance
  ☐ Order of recognizance (Form I-220A)
  ☐ Bond in the amount of $ _____  ☐ Surety bond  ☐ Cash bond
  ☒ Other Parole

☐ Upon release from INS custody, the respondent reported his/her address and telephone number will be:

X: TONY APTS # BLK 6, # 02-35
NEW YORK CITY, N.Y. 10035

☐ Upon release from INS custody, the respondent was reminded of the requirements contained in section 239(a)(1)(F)(ii) of the [Act and provid]ed with an EOIR change of address form (EOIR-33).

D. J.
(Title of INS official)

(b)(6) (b)(7)(c)

SAJ
(Location)

(Printed name of INS official)

Form I-830 (Rev. 4/1/97)P