IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST
VIRGINIA
**Charleston Division**

Anderson Jesus URQUILLA-RAMOS,

    *Petitioner*,

v.

Donald J. TRUMP, in his official capacity as President of the United States;

Brian MCSHANE, in his official capacity as Field Office Director of Philadelphia, Immigration and Customs Enforcement;

Christopher MASON, in his official capacity as Superintendent of South Central Regional Jail;

Todd LYONS, Acting Director, U.S. Immigration and Customs Enforcement;

Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security;

Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,

    *Respondents*.

**PETITION FOR
WRIT OF HABEAS CORPUS
AND COMPLAINT**

## INTRODUCTION

1. Petitioner Anderson Jesus Urquilla-Ramos ("Petitioner" or "Mr. Urquilla-Ramos"), is a 21 year-old national of El-Salvador who entered the United States February of 2022 as an unaccompanied minor.

2. On or about January 7, 2026, Mr. Urquilla-Ramos was arrested, abruptly and without warning by a group of masked men purporting to be ICE officers who performed what appears to be an illegal traffic stop in Charleston, West Virginia. The purported

1

"officers" were in an unmarked black Ford Explorer without even a license plate.

3. Mr. Urquilla-Ramos is in the United States lawfully, with a pending case for asylum form I-589, has a work permit, and a valid driver's license. Mr. Urquilla-Ramos entered the United States and was designated by the US Department of Health and Human Services (HHS) and Office of Refugee Resettlement (ORR) and unaccompanied minor. Pursuant to the USCIS Memorandum signed by Ted Kim, Acting Chief, Asylum Division on June 4, 2013, Mr. Urquilla-Ramos timely filed a timely form I-589 asylum petition, which remains pending. Nevertheless, he was handcuffed without explanation and taken to South Central Regional Jail in Charleston, West Virginia.

4. There has been no stated reason for the unlawful arrest.

5. Upon information and belief, Mr. Urquilla-Ramos is now detained by ICE at the South Central Regional Jail located at 1001, Centre Way, Charleston, West Virginia, 25309.

6. Unlawful detention or removal without process or explanation violates the United States Constitution and the applicable statutory and administrative frameworks.

7. Mr. Urquilla-Ramos thus petitions this Court for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, to remedy his unlawful detention by Respondents.

**PARTIES**

8. Petitioner Anderson Jesus Urquilla Ramos is a citizen of El-Salvador and has been living in the United States since early 2022. His alien number is 220 457 553.

9. Respondent Donald J. Trump is named in his official capacity as the President of the United States. In this capacity, he is responsible for the policies and actions of the executive branch, including the Department of State and Department of Homeland Security. Respondent Trump's address is the White House, 1600 Pennsylvania Ave. NW, Washington, D.C. 20500.

10. Respondent Brian McShane is named in his official capacity as the Acting Field

Office Director of the Philadelphia Field Office for Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security. In this capacity, he is responsible for the administration of immigration laws and the execution of detention and removal determinations and is a custodian of Petitioner. Respondent McShane's address is Philadelphia ICE ERO Field Office, 114 N. 8th Street, Philadelphia, PA, 19107.

11. Respondent Christopher Mason is the superintendent of the South Central Regional Jail where, upon information and belief, Petitioner is or will be detained. Mr. Mason is the highest ranking official at the South Central Regional Jail. In this capacity, he is responsible for the immediate execution of detention over Petitioner and is the immediate custodian of Petitioner. Respondent Mason's address is South Central Regional Jail, 1001 Centre Way, Charleston, WV, 25309.

12. Respondent Todd Lyons is the Acting Director of ICE. As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the immigration laws of the United States; routinely transacts business in the Southern District of West Virginia; is legally responsible for pursuing any effort to remove the Petitioner; and as such is a custodian of the Petitioner. His address is ICE, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900.

13. Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security. In this capacity, she is responsible for the administration of the immigration laws pursuant to Section 103(a) of the INA, 8 U.S.C. § 1103(a) (2007); routinely transacts business in the Southern District of West Virginia; is legally responsible for pursuing any effort to detain and remove the Petitioner; and as such is a custodian of the Petitioner. Respondent Noem's address is U.S. Department of Homeland Security, Office of the General Counsel, 2707 Martin Luther King Jr. Ave. SE, Washington, DC 20528-0485.

14. Respondent Pamela Bondi is the Attorney General of the United States. In this

capacity, she routinely transacts business in the Southern District of West Virginia; is responsible for the administration of the immigration laws pursuant to Section 103(a) of the INA, 8 U.S.C. § 1103(g) (2007); and as such is a custodian of the Petitioner. Respondent Bondi's address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530- 0001.

## JURISDICTION & VENUE

15. This case arises under the United States Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), Art. I § 9, cl. 2 of the U.S. Constitution ("the Suspension Clause"), 28 U.S.C. § 1331 (federal question jurisdiction), Article III of the U.S. Constitution, the Administrative Procedure Act, 5 U.S.C. §701 et seq.

16. Federal district courts have jurisdiction to hear habeas claims by non-citizens challenging both the lawfulness and the constitutionality of their detention. *See*, *e.g.*, *Zadvydas*, , 533 U.S. 678, 687 (2001); *Aguilar v. Lewis*, 50 F. Supp. 2d 539 (E.D. Va. 1999).

17. An actual and justiciable controversy exists between the parties under 28 U.S.C. § 2201, and this Court has authority to grant declaratory and injunctive relief. *Id.* §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651.

18. Administrative exhaustion is unnecessary as it would be futile. *See, e.g., Aguilar*, 50 F. Supp. 2d at 542-43.

19. Venue is proper in this district and division pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1391(b)(2) and (e)(1) because a substantial part of the events or omissions giving rise to this action occurred and continue to occur at the South Central Regional Jail in Charleston, Kanawha County, state of West Virginia and within this district.

20. Upon information and belief, Mr. Urquilla-Ramos is physically within the state of West Virginia.

21. Petitioner entered the United States on or about February 21, 2022 without inspection. He had been placed in removal proceedings at an unknown date time.

22. Petitioner was designated by the US Department of Health and Human Services

(HHS) and Office of Refugee Resettlement (ORR) as an unaccompanied minor. Pursuant to the USCIS Memorandum signed by Ted Kim, Acting Chief, Asylum Division on June 4, 2013, Mr. Urquilla-Ramos timely filed a timely form I-589 asylum petition, which remains pending.

23. Pursuant to the USCIS memorandum signed by Ted Kim on June 14, 2013, those designated as unaccompanied minors (UAC's) shall have their asylum applications form I-589 adjudicated and processed by USCIS. The memo states as follows "Section 235 (d) (7) (B) of the TVPRA, however, placed initial jurisdiction of asylum applicants filed by UAC's with USCIS, even for those UAC's in removal proceedings."

24. On Wednesday, January 7, 2026 Petitioner was driving a vehicle through West Virginia.

25. The Petitioner had not broken any traffic laws. Nevertheless, an officer pulled over the Petitioner. When the Petitioner asked why he had been pulled over, he was told by the officer that there was a plastic cover on the license plate of the vehicle. License plate covers are permitted in West Virginia. Since being detained, he has yet to be cited or charged for a traffic citation.

26. As the Petitioner waited, more unmarked cars, began to show up. Petitioner presented his duly authorized and issued driver's license along with an employment authorization document (work permit) issued by US immigration authorities.

27. The person ordered Petitioner out of the vehicle. They handcuffed him without explanation.

28. Petitioner was taken for processing and then after some hours moved to South Central Regional Jail in Charleston, West Virginia where he, upon information and belief, is currently detained.

**CLAIMS FOR RELIEF**
**FIRST CLAIM**
**Violation of the Due Process Clause of the**
**Fifth Amendment to the United States Constitution**

29. Petitioner repeats and re-alleges the allegations contained in the preceding

paragraphs of this Complaint-Petition as if fully set forth herein.

30. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

31. The government's detention of Mr. Urquilla-Ramos is wholly unjustified. The government has not demonstrated that Mr. Urquilla-Ramos—an unaccompanied minor with a properly filed and pending I-589 asylum petition as a designated unaccompanied minor needs to be detained. *See Zadvydas*, 533 U.S. at 690. There is no credible argument that Mr. Urquilla-Ramons cannot be safely released back to his family.

32. Petitioner is neither a danger nor a flight risk. He was detained in a raid resulting from an illegal traffic stop, not any sort of checkpoint, without regard to their immigration history, assessed risk of flight or danger, and with no notice or due process.

33. Because Mr. Urquillla-Ramos's detention has been unaccompanied by the procedural protections that such a significant deprivation of liberty requires under the Due Process Clause of the Fifth Amendment to the U.S. Constitution, his continued detention is unlawful. *See Matthews v. Eldridge*, 424 U.S. at 332. Infringing upon a protected interest at the very least triggers a right to a hearing before that right is deprived. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972).

34. There is no order of removal, Petitioner has already been processed and placed in removal proceedings, and a determination was made by ICE to not detain him, to designated him as an unaccompanied minor and to permit him to file a form i-589 asylum petition.

35. For the foregoing reasons, Respondents' abrupt detention of Petitioner violated his substantive and procedural due process rights.

## SECOND CLAIM
### Violation of the Immigration and Nationality Act (INA) and Implementing Regulations

36. Petitioner repeats and re-alleges the allegations contained in the preceding

paragraphs of this Complaint-Petition as if fully set forth herein.

37. The abrupt and unnecessary detention and potential removal of Mr. Urquilla-Ramos by Immigration and Customs Enforcement where determinations have already been made with regard to his designation as an unaccompanied minor and release from custody, there have been no further documentation or notice laying out the basis for arrest and detention, violates the INA's structure and purpose, and the constitutional and statutory right to seek immigration relief without undue government interference.

38. Respondent's sudden detention of Mr. Urquilla-Ramons, in the absence of any legal necessity, is arbitrary and capricious, contrary to law, and violative of statute and agency practice.

## THIRD CLAIM
### Violation of the Administrative Procedure Act

39. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

40. Under the APA, "final agency action for which there is no other adequate remed in a court [is] subject to judicial review." 5 U.S.C. § 704. The reviewing Court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A), (E).

41. The decision to detain Mr. Urquilla-Ramos, who already had been encountered by ICE, placed in removal proceedings, designated as an unaccompanied minor, and released allowing him to continue to build his life in the United States must be reviewed by this Court and found to be "arbitrary, capricious, an abuse of discretion and not in accordance with the law." 5 U.S.C. §§ 706(2)(A), (E). Absent this Court's intervention, Mr. Urquilla-Ramos does not have any "remedy" to challenge the decision of Respondents.

42. Under 8 C.F.R. § 241.13(i), Petitioner has, at minimum, a regulatory right to a detailed explanation for the reasons for his detention. At a minimum, ICE has a duty to follow its

own regulations. *See Accardi*, 347 U.S. at 226 (holding that BIA must follow its own regulations in its exercise of discretion); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures . . . even where the internal procedures are possibly more rigorous than otherwise would be required.").

## FOURTH CLAIM
**Violation of the Fourth Amendment – Unlawful Seizure and Arrest**

43. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

44. The Fourth Amendment to the United States Constitution guarantees the right of individuals to be secure in their persons against unreasonable searches and seizures. Warrantless seizures are presumptively unconstitutional unless justified by probable cause or exigent circumstances.

45. On or about January 7, 2026, Petitioner was unlawfully seized during a purported traffic stop conducted by individuals in unmarked vehicles, who failed to identify themselves, and did not provide any legal justification or warrant for the seizure.

46. Petitioner was not engaged in any criminal conduct and had valid identification and documentation. At no time was Petitioner informed of the reason for the stop or arrest, nor was he provided with any documentation reflecting the basis for his detention.

47. The manner of the stop, including the lack of identification by the officers, the absence of probable cause, the use of unmarked vehicles, and the forcible extraction and handcuffing of Petitioner, constituted an unreasonable seizure in violation of the Fourth Amendment.

48. Petitioner's continued detention, following this unlawful arrest, further compounds this constitutional violation and justifies habeas corpus relief and injunctive relief.

49. Accordingly, Respondents' actions in stopping, seizing, and detaining Petitioner violated his rights under the Fourth Amendment to the U.S. Constitution.

## FIFTH CLAIM
### Violation of 8 C.F.R. § 287.8 – Failure to Follow Required Arrest Procedures

50. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

51. Under 8 C.F.R. § 287.8, immigration officers are required to follow specific protocols when exercising arrest authority, including Identifying themselves as immigration officers (287.8(c)(1)), informing the subject of the reason for the arrest (287.8(c)(2)), and executing arrest authority only when based on reasonable suspicion or probable cause, and only by designated officers (287.8(b), (c))

52. On or about January 7, 2026, Petitioner was seized and arrested by individuals who failed to identify themselves, failed to state any lawful basis for the arrest, and may not have been properly authorized federal officers.

53. Even assuming they were ICE officers, their conduct blatantly violated 8 C.F.R. § 287.8, rendering the arrest unlawful under governing agency rules.

54. Federal agencies are bound by their own regulations. The U.S. Supreme Court has made clear that agencies must follow their internal procedures, even if those procedures exceed the minimum constitutional requirements. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974).

55. Because Respondents did not follow the arrest protocols mandated by regulation, including failure to identify themselves or provide justification for the arrest, Petitioner's detention is unlawful and must be remedied through habeas corpus and appropriate injunctive relief.

## SIXTH CLAIM
### Release on Bail Pending Adjudication

56. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

57. Under 28 U.S.C. § 2241, federal district courts are granted broad authority, "within

their respective jurisdictions," 28 U.S.C. § 2241(a), to hear applications for writs of habeas corpus filed by persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." *Timms v. Johns*, 627 F. 3d 525 (4th Cir. 2010).

58. Federal courts have inherent authority to grant bail pending the adjudication of a habeas petition. *See Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001) (collecting cases); *see also United States v. Eliely*, 276 F. App'x. 270, 270 (4th Cir. 2008).

59. A Court may do so where the petitioner shows there are "substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *Eliely*, 276 F. App'x. 270.

60. This petition raises numerous substantial constitutional and statutory claims challenging Mr. Urquilla-Ramos's detention. His detention and the apparent termination of the terms of his release without notice, an opportunity to be heard, or any shred of process is a clear violation of Mr. Urquilla-Ramos's constitutional rights and the statutory scheme. That it happened at an illegal traffic stop by unmarked cars and men who failed to identify themselves makes it all the more noxious to the Constitution. Moreover, the threatened removal of Mr. Urquilla-Ramos and his unlawful detention constitutes an extraordinary circumstance such that his release is essential for the remedy of habeas to be effective. Finally, continued detention will prevent him from adequately preparing a legal defense.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Enjoin Respondents from transferring the Petitioner from the jurisdiction of this District pending these proceedings;

3. Enjoin Respondents from removing Petitioner from the United States;

4. Order the immediate release of Petitioner pending these proceedings;

5. Order the release of Petitioner on bond;

6. Declare that Respondents' actions to arrest and detain Petitioner violate the unlawful searches and seizures clause of the Fourth Amendment, the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act and implementing regulations, and/or the Administrative Procedures Act;

7. Award reasonable attorneys' fees and costs for this action; and

8. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

WILSON LEGAL GROUP, PLLC

/s/ William Shane Wilson_____
William Shane Wilson
Wilson Legal Group PLLC
1215 Quarrier Street Ste 1
Charleston, WV 25314
Email: shane@wilsonvisalaw.com
Telephone: (304) 757-6541
WV Bar Number: 11994
Local Civil Rule P. 44.6 Counsel for Plaintiffs

THE LAW OFFICES OF OMAR BALOCH, PLLC

<u>VISITING ATTORNEY MOTION PENDING</u>
Omar Baloch
The Law Offices of Omar Baloch, PLLC
8801 Fast Park Drive, Suite 313
Raleigh, NC 27617
Telephone: (919) 834-3535
Facsimile: (919) 334-7339
Email: mobaloch@balochlaw.com
Attorney for Plaintiffs
NC Bar Number: 32565
Local Civil Rule P. 44.6 Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I, undersigned counsel, hereby certify that on this date, I filed this Petition for Writ of Habeas Corpus and all attachments using the CM/ECF system. I will furthermore mail a copy by USPS Certified Priority Mail with Return Receipts to each of the following individuals:

Christopher Mason,
Superintendent
South Central Regional Jail
1001 Centre Way
Charleston, WV 25309

Brian McShane, Field Office Director
U.S. Immigration and Customs Enforcement, Philadelphia Field Office
c/o DHS Office of the General Counsel
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Kristi Noem, Secretary
U.S. Department of Homeland Security
c/o DHS Office of the General Counsel
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Pamela Bondi, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Todd Lyons, ICE Director
c/o DHS Office of the General Counsel
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

U.S. Attorney Moore Capito
Suite 4000
300 Virginia Street
Charleston, West Virginia 25301