UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| Filiberto SANCHEZ Sanchez<br><br>Petitioner,<br><br>v.<br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security;<br><br>Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;<br><br>Michael T. ROSE, Field Office Director, Philadelphia, Immigration and Customs Enforcement,<br><br>Todd M. LYONS, Acting Director, Immigration and Customs Enforcement,<br><br>Carl ALDRIDGE, Warden, Western Regional Jail and Correction Facility<br><br>Respondents. | Case No.<br><br>PETITION FOR WRIT OF HABEAS CORPUS |

## INTRODUCTION

1. Petitioner Filiberto SANCHEZ Sanchez brings this petition for a writ of habeas corpus to seek enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) Petitioner is in the physical custody of Respondents at the Western Regional Jail and Correctional Facility ("WRJ"), in Cabell County, West Virginia. He now faces unlawful detention because the Department of Homeland Security ("DHS") and the Executive Office for Immigration Review ("EOIR") have

1

refused to abide by the declaratory judgment issued on behalf of the certified class in *Maldonado Bautista v. Santacruz*.

2.  On November 20, 2025, the district court granted partial summary judgment on behalf of individual plaintiffs and on November 25, 2025, certified a nationwide class and extended declaratory judgment to the certified class. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment).

3.  The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Maldonado Bautista*, 2025 WL 3289861, at *11.

4.  On information and belief, the EOIR continues to deny bond to class members after November 20, 2025. As a result, *Maldonado Bautista* class counsel sought and obtained a clarifying order on December 18, 2025.

5.  Nonetheless, the EOIR and its subagency the Immigration Court and the Department of Homeland Security have refused, as a matter of policy or practice, to abide by the declaratory relief and have unlawfully ordered that Petitioner or similarly situated petitioners be denied the opportunity to be released on bond.

6.  Petitioner was placed in a removal proceeding under 8 U.S.C. 1229a on or about April 19, 2009, after a state apprehension on suspicion of speeding. *Exhibit A, Form I-862 & Form*

*I-213*. He was then released from custody by DHS, after payment of a $5,000 bond for his release. to secure his appearance at hearings and other demands by the government. *Exhibit B, Immigration Bond*.

7. In 2011, the Petitioner applied for relief from removal. This relief included an application for Cancellation of Removal for Nonpermanent Residents based on his three U.S. children, and his U.S. Citizen father, *Exhibit C, Application for Cancellation of Removal*, which has allowed him to maintain employment authorization, and driver licensing. *Exhibit D, Employment Authorization & License*. He now is the beneficiary of an approved immigrant visa petition filed by his adult stepdaughter, Lizbet Reyes, who qualified as a "child" because Petitioner's marriage to her mother was celebrated before her 18th birthday. *Exhibit E, Approved Immigrant Visa Petition*.

8. The Department of Homeland Security drafted and filed a joint agreement with Petitioner to administratively close his removal proceeding on February 14, 2012. *Exhibit F, DHS Motion to Close Removal Proceedings*.

9. The Attorney General entered an order of administrative closure in the removal proceeding on February 14, 2012. *Exhibit G, EOIR Order Closing Removal Proceedings*.

10. The Petitioner did not breach his bond conditions set in 2009, and ICE cancelled the bond in 2012. *Exhibit H, Cancellation of Immigration Bond*.

11. Petitioner Filiberto Sanchez Sanchez is a member of the Bond Eligible Class, as he:

   a. does not have lawful status as a nonremovable alien in the United States and is currently detained at WRJ, subsequent to an apprehension by a state police officer on routine patrol;

   b. has apparently not been charged with a criminal offense, *Exhibit I, WV Magistrate Court Record Check (informal)*, nor is he subject to extradition for a criminal offense elsewhere;

c. Is listed on the website of the West Virginia Division of Corrections and Rehabilitation as being held at WRJ for civil immigration enforcement; *Exhibit J, WVDCR Detainee Record*.

  d. First entered the United States without inspection over 25 years ago and was not apprehended upon arrival, *cf. id.*; and

  e. is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.

12. The Court should expeditiously grant this petition.

13. Respondents are bound by the judgment in *Maldonado Bautista*, as it has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a). Nevertheless, Respondents continue to flagrantly defy the judgment in that case and continue to subject Petitioner to unlawful detention despite his clear entitlement to consideration for release on bond as a Bond Eligible Class member.

14. Immigration judges ("IJs") have informed class members in bond hearings that they have been instructed by "leadership" that the declaratory judgment in *Maldonado Bautista* is not controlling, even with respect to class members, and that instead IJs remain bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

15. The Petitioner can demonstrate favorable bond factors such as a home mortgage, church involvement as a parishioner and godfather, correct tax filing, lack of criminal convictions, and employment.

16. Because Respondents have held Respondent for over ten days without criminal charge and are detaining Petitioner in violation of the declaratory judgment issued in *Maldonado Bautista,* the Court should accordingly order that within one day, Respondent DHS must release Petitioner or withdraw the detainer causing his custody by state authorities.

17. Alternatively, the Court should order Petitioner's release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.

## JURISDICTION

18. Petitioner is in the physical custody of Respondents. Petitioner is detained at Western Regional Jail in Cabell County, West Virginia.

19. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

20. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

21. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Southern District of West Virginia, the judicial district where Petitioner is detained.

22. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of West Virginia.

## REQUIREMENTS OF 28 U.S.C. § 2243

23. The Court should grant the petition for writ of habeas corpus "forthwith," as the legal issues have already been resolved for class members in *Maldonado Bautista*.

24. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and

receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## PARTIES

25. Petitioner Filiberto Sanchez Sanchez is a citizen of Mexico who has been in state custody without charge or custody tantamount to immigration detention since January 17, 2026. After Petitioner was arrested by state authorities in Hurricane, West Virginia, he was transferred to WRJ where he was held under an ICE detainer.

26. Respondent Michael T. Rose is the Director of the Philadelphia Field Office of ICE's Enforcement and Removal Operations Division. As such, Michael T. Rose is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is named in his official capacity.

27. Respondent Kristi Noem is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

28. Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

29. Respondent Carl Aldridge is employed by the West Virginia Division of Corrections & Rehabilitation as Superintendent of WRJ, where Petitioner is detained. He has immediate physical custody of Petitioner. He is sued in his official capacity.

30. Respondent Todd M. Lyons is the Acting Director of Immigration and Customs Enforcement (ICE), an agency within the Department of Homeland Security charged with enforcement of the Immigration & Nationality Act's provisions related to the identification, detention, and removal of inadmissible and removable non-citizens. He is sued in his official capacity.

## CLAIM FOR RELIEF
### Violation of the INA:
### Request for Relief Pursuant to *Maldonado Bautista*

31. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

32. As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

33. The order granting partial summary judgment in *Maldonado Bautista* holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

34. The order granting class certification in *Maldonado Bautista* further orders that "[w]hen considering this determination with the MSJ Order, the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole."

35. Respondents are parties to *Maldonado Bautista* and bound by the Court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

36. By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

    a.    Assume jurisdiction over this matter;

b.  Issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;

c.  Alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days;

d.  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

e.  Grant any other and further relief that this Court deems just and proper.

DATED this 29th day of January 2026.

**Respectfully submitted,**
**FILBERTO SANCHEZ SANCHEZ,**
**By counsel,**

/s/ *Lesley M. Nash*

| | |
|---|---|
| David E. Funke | Lesley M. Nash (WVSB #14158) |
| *Pro Hac Vice* Pending | Mountain State Justice, Inc. |
| KY Bar No. 83399 | 1029 University Ave., Ste. 101 |
| 1890 Lyda Ave. Ste 201 | Morgantown, WV 26505 |
| Bowling Green, KY 42104 | Phone: (304) 326-0188 |
| Phone: (502) 494-5026 | lesley@msjlaw.org |
| davidefunke@gmail.com | |