HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRIS WARNER, in his Official Capacity as WEST VIRGINIA SECRETARY OF STATE,<br><br>Defendant. | **COMPLAINT** |

## COMPLAINT

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve… *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election." 52 U.S.C.

§ 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying.'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce…." *Id.*

## I. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and

2201(a).

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and this District is where the Attorney General made her demand for federal election records under Section 303 of the CRA and is where the federal election records are located, as provided by 52 U.S.C. § 20705.

## II. PARTIES

7.     Plaintiff is the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8.     Defendant is responsible for the administration of elections in accordance with West Virginia Code ("WVC") § 3-2-3.

9.     Defendant is sued in his official capacity as the chief election official (Secretary of State Warner) responsible for coordinating and maintaining West Virginia compliance under the NVRA and CRA. *See* 52 U.S.C. § 20509.

## III. BACKGROUND

10.    This proceeding arises from the Attorney General's investigation into West Virginia's compliance with federal election law, particularly the CRA, NVRA, and HAVA.

11.    Section 301 of Title III of the CRA, the NVRA, and HAVA require States and other election officers to maintain and preserve certain records and papers relating to registration to voting or other acts requisite to voting in federal elections.

### The National Voter Registration Act

12. The NVRA requires each state to "designate a Secretary of State or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. The NVRA includes as a definition that the term "'State' means a State of the United States and the District of Columbia." 52 U.S.C. § 20502(4).

13. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4).

14. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

15. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State…." 52 U.S.C. § 21083(a)(1)(A).

16. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid Drivers' License, and for those who have neither, a unique identifier. *See* 52 U.S.C. § 21083(a)(5)(A).

### The Civil Rights Act of 1960

17. Congress empowered the Attorney General to request records pursuant to Title III of the Civil Rights Act ("CRA"), codified at 52 U.S.C. § 20701, *et seq.*

18. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting in a federal election for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

19. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative." 52 U.S.C. § 20703. The written demand is required to "contain a statement of the basis and the purpose thereof." *Id.*

### IV. FACTUAL ALLEGATIONS

20. On September 8, 2025, the Attorney General contacted Defendant seeking a copy of the statewide voter registration list ("SVRL") with all fields to assess West Virginia's compliance with federal election law. *See* Letter from Attorney General to Defendant Warner ("September 8 Letter").

21. The September 8 Letter said the basis of the demand was the CRA.

22. The September 8 Letter stated that the purpose of the request is to ascertain compliance with the list maintenance requirements of the NVRA and HAVA. The September 8

Letter also requested that West Virginia's response contain "all fields," including full name, date of birth, address, and driver's license or last four digits of social security number, "as required under HAVA to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i)." *Id.*

23. The August 14 Letter stated that the SVRL and all other federal election records that were produced would be maintained according to all applicable federal laws, including Section 304 of the CRA and the Privacy Act. The September 8 Letter explained to Defendants that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

24. On September 22, 2025, the Attorney General received a response Letter from Defendant, refusing to provide the requested SVRL for all fields. ("September 22 Letter").

25. On December 10, 2025, December 19, 2025, and January 13, 2026, the Attorney General sent follow-up emails renewing the request for a copy of West Virginia's SVRL with all fields.

26. On February 11, 2026, Defendant sent the Attorney General a letter explaining that it would not provide West Virginia's SVRL with all fields. ("February 11 letter").

## COUNT ONE
### VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

27. The United States restates and incorporates herein the foregoing allegations in this Complaint.

28. Defendant is an "officer of election," as that term is defined in Section 306 of the

CRA, 52 U.S.C. § 20706.

29. On September 8, 2025, the Attorney General sent a written demand to Defendant for the production of specific election records pursuant to 52 U.S.C. § 20703.

30. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

31. In the September 22 and February 11 letters, Defendant refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendant to provide to the Attorney General the current electronic copy of West Virginia's computerized voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their Driver's License number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within five days of a Court order.

C. Order Defendant to produce such other federal election records demanded by the Attorney General to ascertain Defendant's compliance with HAVA and the NVRA;

D. Order such other relief as the interests of justice may require.

DATED: February 26, 2026                    Respectfully submitted,

                                                                                HARMEET K. DHILLON
                                                                                Assistant Attorney General
                                                                                Civil Rights Division

                                                                                ROBERT J. KEENAN
                                                                                Acting Deputy Assistant Attorney General
                                                                                Civil Rights Division

                                                                                ERIC V. NEFF
                                                                                Acting Chief, Voting Section
                                                                                Civil Rights Division


                                                                                */s/ Brittany E. Bennett*
                                                                                BRITTANY E. BENNETT
                                                                                Trial Attorney, Voting Section
                                                                                Civil Rights Division
                                                                                4 Constitution Square
                                                                                150 M Street NE, Room 8.141
                                                                                Washington, D.C. 20002
                                                                                brittany.bennett@usdoj.gov
                                                                                Tel. (202) 704-5430

                                                                                Attorneys for the United States