IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KATY PATTON, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| CVS PHARMACY, INC.; CVS HEALTH ) | |
| CORPORATION; CVS PHARMACY ) | |
| STORE #07604; JOHN/JANE DOE ) | |
| PHARMACIST(S), ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant West Virginia CVS Pharmacy, LLC ("CVS"), incorrectly identified as CVS Pharmacy, Inc., CVS Health Corporation, and CVS Pharmacy Store #07604, by and through its attorneys, Burns White LLC, hereby removes this action from the Circuit Court of Wood County, West Virginia to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## STATE COURT ACTION

1. Plaintiff Katy Patton, proceeding pro se, initiated this action by filing a Complaint in the Circuit Court of Wood County, West Virginia, Civil Action Number CC-54-2026-C-32 on February 6, 2026. A true and complete copy of the Complaint is attached hereto as Exhibit A.

2. CVS was served with a copy of the Summons and Complaint based on the Summons and Complaint being accepted by the West Virginia Secretary of State on February 11, 2026. A true and complete copy of the Service Return is attached hereto as Exhibit B.

3. It is not apparent that the fictitious John/Jane Doe Pharmacist Defendants have been served. Thus, consent from the fictitious defendants is not required.

4. Upon information and belief, the documents attached hereto as Exhibits A and B constitute all of the pleadings, process and orders which were filed in the state court action.

5. A copy of the state court docket as of March 6, 2026 is attached hereto as Exhibit C.

## TIMELINESS

6. This Notice of Removal is proper and timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after Plaintiff's service of the Complaint on Defendant CVS. See 28 U.S.C. 1446(b); Fed R. Civ. P. 6.

## VENUE

7. Venue for purposes of removal of this Action is proper under 28 U.S.C. § 1446(a), which provides for removal of any civil action the federal district court of the district and division embracing the place where the action is pending.

8. Pursuant to 28 U.S.C. § 1441(a), venue for removal lies in the United States District Court for the Sothern District of West Virginia, Parkersburg Division, because Plaintiff originally filed the Complaint within this District and involves claims occurring in Wood County, West Virginia.

## DIVERSITY OF CITIZENSHIP

9. This action may be removed by CVS pursuant to 28 U.S.C. § 1441.

10. Plaintiff is alleged to be a resident of Marietta, Ohio. Accordingly, Plaintiff is a citizen of Ohio for purposes of diversity jurisdiction.

11. West Virginia CVS Pharmacy, LLC is single member LLC.

12. The sole member of West Virginia CVS Pharmacy, LLC is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business at 1 CVS Drive, Woonsocket, Rhode

Island 02895. West Virginia CVS Pharmacy, LLC operates the retail stores located in West Virginia, including Store No. 7604, the location of the alleged prescription nmisfill described in Plaintiff's Complaint.

13. Defendant, West Virginia CVS Pharmacy, LLC, is a citizen of Rhode Island for diversity purposes.

14. The remaining named CVS defendants, CVS Pharmacy, Inc., CVS Health Corporation, and CVS Pharmacy Store #07604, are incorrectly named. The proper defendant is West Virginia CVS Pharmacy, LLC. CVS Pharmacy Store #07604 is not a separate legal entity but rather a store location operated by West Virginia CVS Pharmacy, LLC.

15. The John/Jane Doe Pharmacist(s) are fictitious defendants whose identities are currently unknown. Pursuant to 28 U.S.C. § 1441(b)(1), in determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. Accordingly, the citizenship of the John/Jane Doe Pharmacist(s) does not defeat diversity jurisdiction.

16. Complete diversity of citizenship therefore exists between Plaintiff, a citizen of Ohio, and Defendant West Virginia CVS Pharmacy, LLC, a citizen of Rhode Island.

**AMOUNT IN CONTROVERSY**

17. This action meets the amount in controversy requirement set forth at 28 U.S.C. § 1332(a)(1).

18. A defendant may remove a lawsuit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F.Supp. 22, 23 (S.D. W. Va. 1994).

19. A court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied for purposes of removal. Weddington v. Ford Motor Credit Co., 59 F.Supp.2d 578, 584 (S.D. W. Va. 1999).

20. Plaintiff alleges that she suffered "physical injury," "pain and suffering," "emotional distress," "medical expenses," "financial losses," and "other damages recoverable under West Virginia law," and seeks compensatory damages "in an amount to be determined by the trier of fact." See Exhibit A, at ¶ 19 and Prayer for Relief.

21. Plaintiff's claims arise from an alleged prescription misfill that purportedly caused physical injury, pain and suffering, emotional distress, and financial losses. The nature and extent of the alleged injuries, combined with the categories of damages sought, establish that the amount in controversy exceeds the jurisdictional threshold of $75,000.

22. Accordingly, CVS has met its burden of demonstrating that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a).

## NOTICE TO STATE COURT AND OTHER PARTIES

23. CVS is filing with the Clerk of the Circuit Court of Wood County, West Virginia a Notice of Filing Notice of Removal, together with this Notice of Removal and supporting documents, pursuant to 28 U.S.C. § 1446(d).

24. CVS is also serving copies of the Notice of Filing Notice of Removal, together with this Notice of Removal and supporting documents on Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

25. 28 U.S.C. § 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states.

26. As pled, this claim involves citizens of different states and the amount in controversy exceeds the jurisdictional threshold.

27. CVS submits that this matter may be removed to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant West Virginia CVS Pharmacy, LLC respectfully removes this action from the Circuit Court of Wood County, West Virginia to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

/s/ Daniel Inadomi
Robert J. Behling (WV I.D. # 6406)
Daniel Inadomi (WV I.D. # 12616)

Burns White Center
48 26th Street
Pittsburgh, PA  15222
412-995-3000 - Telephone
412-995-3300 - Facsimile
rjbehling@burnwhite.com
dwinadomi@burnswhite.com
**Counsel for CVS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was served this **6th day of March, 2026** upon the following via electronic mail and first class United States mail:

Katy Patton
kpatton831@icloud.com
711 2nd Street
Marietta, Ohio 45650
***Counsel for Plaintiff***

/s/ Daniel Inadomi
Daniel Inadomi