IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MARTIN P. SHEEHAN,**
    Plaintiff

v.                                                                        Case No. _____

**West Virginia Judicial Investigation Commission
and Teresa Tarr, in her official capacity
as Counsel to the West Virginia Investigation Commission**

### Verified Complaint for Declaratory Judgment and Injunctive Relief

Now come , Martin P. Sheehan, by his attorneys, Martin P. Sheehan, Esq. and Sheehan & Associates, and files this complaint for declaratory and injunctive relief against the West Virginia Judicial Investigative Commission and Teresa Tarr, in her official capacity as Counsel to that Commission. In support of this Complaint, the Plaintiff alleges as follows:

1. One of the Plaintiffs is Martin P. Sheehan is a candidate for election to the West Virginia Supreme Court of Appeals.

2. Mr. Sheehan resides at 67 Greenwood Avenue in Wheeling, WV. Mr. Sheehan is citizen of the United States and of West Virginia. He has been a practicing attorney for more than 10 years as required by W.Va. Code § 8-7 for election to the West Virginia Supreme Court of Appeals. He meets all the qualifications to be elected to the West Virginia Supreme Court of Appeals.

3. Defendants are the West Virginia Judicial Investigation Commission, hereinafter the Commission, and its counsel, Teresa Tarr, in her official capacity.

4. The Commission is an agency of the State of West Virginia created by the Supreme Court of West Virginia pursuant to its authority under the Constitution of West Virginia. That Constitution grants the West Virginia Supreme Court of Appeals general

supervisory control over all intermediate courts in Article VIII, section 8 of the West Virginia Constitution. The Supreme Court has used its inherent rule making authority under Article VIII, section 3 of the West Virginia Constitution to create the Commission. The Commission has been recognized as a party subject to suit, *eo nomine*. See Smith v. Tarr, Case No. 13-1230 (W.Va. January 12, 2015.) See also, West Virginia Judicial Inquiry Commission, 163 W.Va. 661, 263 S.E.2d 79 (1979).

5. The Commission maintains and address at 4700 MacCorkle Avenue, Charleston, WV 25304.

6. According to the amended annual report for 2024 the Commission members are:

a. Honorable Alan D. Moats, - Chair;

b. Honorable Bridget Cohee - Vice Chair,

c. Honorable Jason Wharton,

d. Honorable James J. Rowe,

e. Honorable Patricia A. Keller,

f. Honorable Mike Flanigan,

g. Margaret Ann O'Neal,

h. Dr. John Barnette, and,

i. Alex Weld.

7. Teresa Tarr, is Counsel to the Commission. She also maintains an address at 4700 MacCorkle Avenue, Charleston, WV 25304. She is tasked, inter alia with conducting proceedings on behalf of the Commission where there is cause to believe a rule of Judicial Conduct has been violated

8. This Court has jurisdiction and venue pursuant to 28 U.S.C. §1331 and 1343.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

9. This is an action under 42 U.S.C. § 1983 for injunctive and declaratory judgment relief.

a. Declaratory relief may be awarded pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

b. Injunctive relief, including a temporary restraining order, a preliminary injunction and/or a permanent injunction, may be awarded pursuant to Rule 65 of the Federal Rules of Civil Procedure.

10. Pursuant to Rule 4.1 of the West Virginia Code of Judicial Conduct, a "judicial candidate" is prohibited from engaging in certain election conduct.

11. Said prohibitions are set forth in Rule 4.1 (A) of the West Virginia Code of Judicial Conduct as in the following language:

> Except as permitted by law, or by Rules 4.2, 4.3, and 4.4 a judge or judicial candidate shall not
> . . . .
> (10) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court; or
> (11) in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

12. Enforcement of such rules would adversely affect the First Amendment rights of the Plaintiff in an election campaign.

13. Said rules appear unenforceable pursuant to the decision of the Supreme Court of the United States in <u>Republican Party of Minnesota v. White, Chairperson, Minnesota Board of Judicial Standards</u>, 536 U.S. 765 (2002). In that case, the Supreme Court held that limitations on "announcing his or her views on disputed legal or political issues" by a candidate for Associate Justice of the Minnesota Supreme Court was an unconstitutional violation of the First

Amendment rights of the judicial candidate.

14. Said case establishes a controlling precedent of constitutional law. Pursuant to that precedent, West Virginia Code of Judicial Conduct, and specifically Rule 4.1 (A)(10) and (11) of said Code, are unconstitutional. Enforcement of either or both of said rules against Mr. Sheehan would be a violation of the First Amendment rights of Mr. Shehan. These rules should be declared unconstitutional and enforcement of such rules should be barred.

15. The rule is also inconsistent with the holding of the West Virginia Supreme Court of Appeals in <u>Judicial Inquiry Commission of West Virginia v. McGraw</u>, 171 W.Va. 441, 299 S.E.2d 872 (1983). There the Supreme Court, in an opinion by Justice Miller, held that public statements of Justice Darrell McGraw about the judiciary's independence in the budget making process did not require him to recuse in <u>State ex rel. Bagley v. Blankenship</u>, 161 W.Va. 630, 246 S.E.2d (1978), a case that concerned the subject matter of Justice McGraw's statements.

16. The existence of Rule 4.1(A)(10 and (11) of the Code of Judicial Conduct constitutes an threat of enforcement against the Plaintiff. Were enforcement of these rules not enjoined, the Plaintiff would suffer a restriction on his ability to communicate with voters before a statewide election to be held in May of 2026. Enforcement of such prohibitions is unlikely to require recusal on any matter covered by said comments in light to the <u>McGraw</u> precedent.

17. Sanctions for violations of Rule 4.1 may include, admonishment, censure, suspension, a fine, and other sanctions as set forth in West Virginia Rule of Disciplinary Procedure 4.12. The Plaintiff should not have to face the risk of any sanction for exercising a well-established First Amendment right to campaign free of the threat of any such sanction.

18. This is a verified complaint per the affidavit of Martin P. Sheehan which is attached hereto and incorporated herein.

19.     The Plaintiff entitled to attorney's fees and expert fees pursuant to 42 U.S.C. § 1988, if the Plaintiff does not proceed *pro se.*

WHEREFORE, the Plaintiff seeks a declaration that West Virginia Code of Judicial Conduct, and specifically Rule 4.1 (A)(10) and (11) of said Code are unconstitutional and also seeks injunctive relief, including a temporary restraining order, a preliminary and permanent injunction against the Commission and Ms. Tarr, in her official capacity, prohibiting enforcement of such a rule against the Plaintiff.

Respectfully submitted,

s/ *Martin P. Sheehan*

Martin P. Sheehan, Esq.

W.Va. Bar No. 4812

Sheehan & Associates, PLLC
1140 Main St.
Suite 333
Wheeling, WV 26003
(304) 232-1064
Martin@MSheehanLaw.Net
Paralegal@MSheehanLaw.Net