**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**CLEVEON DAWKINS,**
**Plaintiff,**

                                                    **Civil Action No:_____**

**v.**

**WYATT MCCABE, individually,**
**JOHN DOE CPD Officer,**
**individually, and**
**THE CITY OF CHARLESTON, a**
**body politic,**

**Defendants.**

## COMPLAINT

This Complaint, brought pursuant to 42 U.S.C. Section 1983, 1985, and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, arises out of the Defendants' use of excessive force on the Plaintiff on or about October 22, 2025 and his unlawful arrest and incarceration on or about November 25, 2025 in Kanawha County, West Virginia, within the Southern District of West Virginia.

### I.  PARTIES

1.      Plaintiff, Cleveon Dawkins, was at all times relevant hereto a resident of Kanawha County, West Virginia.

2.      Defendant Wyatt McCabe was at all times relevant hereto a police officer with the Charleston Police Department and was at all times relevant hereto acting under the color of law.  He is named in his individual capacity.

1

3.      Defendant John Doe CPD Officer was at all times relevant hereto a police officer with the Charleston Police Department and was at all times relevant hereto acting under the color of law.  He is named in his individual capacity.

4.      Defendant The City of Charleston is a body politic existing under the statutes and laws of the State of West Virginia and is the political subdivision that governs the Charleston Police Department.

## II.  JURISDICTION AND VENUE

5.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## III.  FACTS

6.      On or about October 22, 2025, Defendant Wyatt McCabe approached the Plaintiff in order to serve a warrant upon him.

7.      Plaintiff asked Defendant Wyatt McCabe who the warrant was for.

8.      In response to Plaintiff's question, Defendant Wyatt McCabe slammed the Plaintiff into a pole and struck him in the face with his closed fist multiple times.

9.      Several witnesses were present on the scene and captured video of Defendant Wyatt McCabe utilizing excessive and unnecessary force on the Plaintiff.

10.     One of the witnesses expressed concern that Defendant Wyatt McCabe punched Plaintiff in the face multiple times.

11.     In response to the witness's concern, Defendant Wyatt McCabe responded, "Damn right I did."

12.     Plaintiff was thereafter charged with obstruction of justice, a charge wholly inconsistent with video evidence available from the incident of arrest.

2

13.    Plaintiff did not resist service of the warrant by asking a simple question of the officer serving the same.

14.    In fact, Plaintiff did nothing to resist service of the warrant.

15.    Further, Plaintiff did nothing to act in an obstructive manner related to Defendant Wyatt McCabe's service of the warrant.

16.    Despite this, Plaintiff was met with excessive and unnecessary violence from Defendant Wyatt McCabe, who was acting under color of law.

17.    Thereafter, on or about November 25, 2025, Defendant John Doe CPD Officer, a member of the Charleston Police Department who, upon information and belief, was surveilling the Plaintiff, arrested and jailed the Plaintiff without cause and without due process owed to Plaintiff by the United States Constitution.

18.    Plaintiff was thereafter held in the South Central Regional Jail via a Magistrate Court Temporary Jail Commitment Order absent any criminal complaint, victim, or hearing.

19.    Plaintiff was unlawfully held without process in this manner for approximately two weeks, wherein he was forced to miss his family's Thanksgiving gatherings.

20.    Defendant John Doe CPD Officer made the arrest in knowing violation of Plaintiff's Constitutional Rights, and without providing appropriate due process, including the right to knowledge of accusations against the imprisoned citizen, the right to counsel, and the right to hearing.

21.    Aside from the Magistrate Court Temporary Jail Commitment Order, virtually no paperwork or evidence has been made available to Plaintiff's attorneys regarding the November 25, 2025 arrest and imprisonment of Plaintiff.

3

22.    In fact, such little information regarding this arrest exists that the identity of John Doe CPD Officer is unknown at this time.

23.    The November 25, 2025 arrest and imprisonment of the Plaintiff amounts to an unlawful kidnapping by an officer of the City of Charleston acting under the color of law.

24.    Upon information and belief, Defendant John Doe CPD Officer was working to advance the interests of Defendant Wyatt McCabe regarding Defendant Wyatt McCabe's ongoing campaign of targeting and harassment of individuals in Plaintiff's community.

25.    Defendant City of Charleston was on notice of Defendant Wyatt McCabe's propensity for excessive and unnecessary violence and made a decision to tolerate the same with a deliberate indifference to the Constitutional rights of Plaintiff and others like him.

26.    Defendant City of Charleston was aware of Defendant Wyatt McCabe's ongoing campaign of targeting and harassment of individuals in Plaintiff's community.

27.    Defendant City of Charleston knew, or should have reasonably known that Defendant Wyatt McCabe's propensity for excessive and unnecessary violence, when combined with Defendant Wyatt McCabe's ongoing campaign of targeting and harassment of individuals in Plaintiff's community would naturally result in knowing violations of individuals' Constitutional Rights by both Defendant Wyatt McCabe and officers over whom he held influence, including Defendant John Doe CPD Officer.

28.    As a result of the Defendants' actions, Plaintiff has suffered damages, including the violation of rights guaranteed by the United States Constitution, as well as personal injury, emotional distress, pain and suffering.

4

## IV.  CLAIMS FOR RELIEF

## COUNT I

*EXCESSIVE FORCE - 42 U.S.C. 1983*

29.    On October 22, 2025, Defendant Wyatt McCabe, acting under the color of law, attacked the Plaintiff using excessive, extreme, and violent physical force without provocation or need for the same.

30.    Without warning, Defendant Wyatt McCabe struck the Plaintiff repeatedly in the face and head with a closed fist despite Plaintiff posing no immediate threat to the Defendant.

31.    At the time of the use of physical force by Defendant Wyatt McCabe, no objectively reasonable police officer could have perceived the Plaintiff as posing an immediate threat to the safety of himself, or any other individual.

32.    Plaintiff was unarmed and had not failed to obey any lawful order.

33.    Defendant Wyatt McCabe's actions were objectively unreasonable, unlawful, unwarranted, and taken in violation of Plaintiff's clearly established procedural and substantive rights, including those established by the Fourth and Fourteenth Amendments to the United States Constitution.

34.    Defendant Wyatt McCabe's actions were willful, wanton, intentional, malicious, and performed with a callous and reckless disregard for the Plaintiff's Constitutional rights to be free from excessive force by law enforcement.

35.    At the time of Defendant Wyatt McCabe's willful, wanton, intentional, and malicious use of excessive force against Plaintiff, it was clearly established law that the Fourth Amendment of the United States Constitution bars law enforcement from using

5

excessive force to effectuate a seizure, *See*, <u>Jones v. Buchanan</u>, 325 F.3d 520 (4th Cir. 2003), and using unnecessary, gratuitous, or disproportionate force against a nonviolent misdemeanant, *See*, <u>Yates v. Terry</u>, 817 F.3d 877 (4th Cir. 2016).

36.     As a result of the aforementioned actions of the Defendants, Plaintiff suffered damages, including the violation of rights guaranteed by the United States Constitution, as well as personal injury, emotional distress, pain and suffering.

**COUNT II**

*UNLAWFUL SEIZURE - 42 U.S.C. 1983*

37.     On November 25, 2025, Defendant John Doe CPD Officer, acting under the color of law, unlawfully arrested the Plaintiff without probable cause or warrant and thereafter denied Plaintiff due process rights guaranteed by the United States Constitution.

38.     Pursuant to this unlawful arrest, Plaintiff was held without bond for approximately two weeks without counsel, criminal complaint, hearing, or notice to counsel.

39.     Eventually, when counsel was put on notice of the unlawful arrest and detention, the matter was heard before a Kanawha County Magistrate, wherein the case was dismissed.

40.     The magistrate had no alternative but to dismiss the case, as there was no charging document, there was no evidence of wrongdoing, and there was no victim. Simply put, no crime had occurred to justify the unlawful arrest and seizure of the Plaintiff.

41.    In light of the above it is readily apparent that the seizure was unreasonable, unlawful, and in violation of clearly established rights under the Fourth Amendment of the United States Constitution.

42.    Moreover, Plaintiff's detention without hearing for approximately two weeks following the unlawful arrest is in violation of clearly established rights to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

43.    At the time of Defendant John Doe CPD Officer's unlawful seizure of the Plaintiff, it was clearly established law that the Fourth Amendment of the United States Constitution bars law enforcement from arresting an individual without probable cause. *See*, Rogers v. Pendleton, 249 F.3d 279 (4th Cir. 2001).

44.    As a result of the aforementioned actions of the Defendants, Plaintiff suffered damages, including the violation of rights guaranteed by the United States Constitution, as well as personal injury, emotional distress, pain and suffering.

## COUNT III

### *INTENTIONAL SPOLIATION*

45.    Upon information and belief, no body camera footage is available to the Plaintiff that would document the use of excessive force by Defendant Wyatt McCabe, or the unreasonable and unlawful seizure by Defendant John Doe CPD Officer.

46.    Upon information and belief, both Defendant Officers were required to run body cameras at the time of the alleged incidents and intentionally failed to do so.

7

47.    Alternatively, upon information and belief, both Defendant Officers did run their body cameras, but thereafter intentionally deleted the video recordings in an effort to hide their unconstitutional actions.

48.    Upon information and belief, the spoliation of this vital evidence was knowingly and purposefully committed by Officer Defendants because they knew civil lawsuits would likely result from their unconstitutional actions, and they wished to avoid liability in connection with their unconstitutional actions.

49.    At the time of the Officer Defendants' unlawful spoliation of the vital video evidence, it was clearly established law that, in the State of West Virginia, an individual can be held liable for a stand-alone cause of spoliation of evidence. *See*, Hannah v. Heeter, 584 S.E.2d 560 (W. Va. 2003).

50.    As a result of the aforementioned actions of the Defendants, Plaintiff suffered damages, including the inability to fully and persuasively prosecute this civil action for the violation of his rights guaranteed by the United States Constitution, as well as personal injury, emotional distress, pain and suffering.

**COUNT IV**

*SUPERVISORY AND MONELL LIABILITY - 42 U.S.C. 1983*

51.    The above described deprivation of Plaintiff's Constitutional rights was a result of the implementation of customs, policies, and/or official or unofficial acts of Defendant The City of Charleston.

52.    Defendant The City of Charleston failed to adequately hire, train, supervise, and discipline its police officers regarding circumstances which constitute excessive force.

53.    In fact, Defendant The City of Charleston failed to provide reasonable means of supervision of Defendant Wyatt McCabe at a time when they knew, or should have known, that said Defendant possessed a propensity, pattern, practice and/or custom of violence, as indicated by previous issues with Defendant Wyatt McCabe and the now defunct SEU.

54.    Defendant The City of Charleston made decisions as to Defendant Wyatt McCabe's employment, duties, supervision, training, and oversight with a deliberate indifference to the Constitutional consequences of Defendant Wyatt McCabe's violent propensities, patterns, practices, and customs.

55.    In fact, in failing to adequately address and correct prior incidents of excessive force, The City of Charleston passively adopted said violent propensities, patterns, practices, and customs as its own policy.

56.    Said policy, practice, or custom, together with the violence afflicted by Defendant Wyatt McCabe was a direct and proximate cause of the injuries and Constitutional violations suffered by the Plaintiff.

57.    Said policy, practice, or custom, together with Wyatt McCabe's propensity to influence other Charleston Police Officers in his campaign of surveillance and harassment of Charleston's minority communities was a direct and proximate cause of the injuries and Constitutional violations suffered by Plaintiff relative to the unlawful and unreasonable seizure made by Defendant John Doe CPD Officer.

58.    As a result of the aforementioned actions of the Defendants, Plaintiff suffered damages, including the violation of rights guaranteed by the United States Constitution, as well as personal injury, emotional distress, pain and suffering.

9

## V.  PRAYER

WHEREFORE, based upon the above stated facts, the Plaintiff respectfully requests that this Honorable Court award damages that fairly and reasonably compensate the Plaintiff for medical expenses, pain and suffering, loss of enjoyment of life, annoyance, aggravation, and inconvenience, psychological and emotional distress, and any other compensatory damages to be proven at trial, as well as an award of reasonable attorney fees and costs, punitive damages against the individual Defendants in an amount to be determined at trial, a declaratory judgment that the Defendants' conduct violated Plaintiff's clearly established Constitutional rights, all other damages provided for by law, and any other relief deemed appropriate and just by this Honorable Court.

PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUE SO TRIABLE.

Cleveon Dawkins
By counsel,

_____
Geoffrey Cullop, WVSB 11508
The Cullop Firm, PLLC
5312 MacCorkle Ave SW #107
S Charleston WV 25309
304-720-2060
geoff@thecullopfirm.com

/s/Olubunmi T. Kusimo-Frazier
Olubunmi Kusimo-Frazier WVSB 10030
The KF Law Firm, PLLC
P.O. Box 10278
Charleston, WV 25357
Phone: (304) 534-9135
Fax: (304) 370-4423
bunmi@thekflawfirm.com

10